UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: IN THE MATTER OF TEXAS PETROLEUM INVESTMENT COMPANY | CIVIL ACTION<br><br>NO. 24-2344<br><br>SECTION: D (2) |

### ORDER and REASONS

Before the Court is an Unopposed Motion for Leave to File Third Party Complaint, filed by Limitation Petitioner, Texas Petroleum Investment Company ("TPIC").[1] TPIC seeks leave of court to file a third-party complaint against Taylors International Services, Inc. ("Taylors"), National Casualty Company ("National"), and Scottsdale Insurance Company ("Scottsdale").

TPIC filed the instant Motion on March 26, 2025. As of the date of this Order and Reasons, the Motion is unopposed. Accordingly, because the Motion is unopposed, and further, importantly, because the Motion has merit, the Motion is **GRANTED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This limitation action arises out of an alleged allision that occurred on or about April 10, 2024 on the Lower Mississippi River when a crew boat owned and operated by TPIC that was transporting personnel over the course of a crew change struck a fixed object in the river.[2] TPIC asserts that one of the vessel's occupants, George Walcott, sustained injuries as a result of the incident and filed a lawsuit in Louisiana

---

[1] R. Doc. 10.
[2] R. Doc. 1.

state court.³ TPIC claims that it subsequently filed this limitation action seeking exoneration from liability for any damages, injuries, deaths or losses occasioned as a result of the incident on April 10, 2024.⁴

In the instant Motion, TPIC asserts that at the time of the incident, Walcott was an employee of Taylors and was working at a TPIC facility pursuant to a Master Service Agreement ("MSA") in place between TPIC and Taylors.⁵ According to TPIC, the MSA contains a "defense, indemnity and additional insuring provision[]" in favor of TPIC against any claim by a Taylors employee, such as Walcott.⁶ As such, TPIC seeks leave to bring a third-party claim against Taylors to enforce the defense, indemnity, and additional insuring provisions of its MSA with Taylors.⁷ TPIC alleges that counsel for Taylors has refused to accept TPIC's demand against it and its insured's obligations under the MSA, thereby necessitating the third-party complaint.⁸ Although the Motion does not mention National or Scottsdale, TPIC alleges in the proposed Third-Party Complaint that the MSA obligated Taylors to provide and maintain insurance covering all liabilities that might arise out of the performance of services under the MSA and covering Taylors' contractual indemnity and other obligations owed to TPIC, which policy was required to name TPIC as an

---

³ *Id.* at Article XI; R. Doc. 10-1 at p. 1 (*citing* R. Doc. 6).
⁴ R. Doc. 10-1 at p. 1.  *See* R. Doc. 1.
⁵ R. Doc. 10-1 at p. 1.  While TPIC did not submit a copy of the MSA with its Motion, the Court notes that claimants, The Production Group, LLC and David Hayes, submitted a copy of a June 28, 2018 MSA entered into between TPIC and Taylors (R. Doc. 12-2), which appears to be the same June 28, 2018 MSA referenced in TPIC's proposed Third-Party Complaint.  *See* R. Doc. 10-3 at ¶ Article XI.
⁶ R. Doc. 10-1 at p. 1.
⁷ R. Doc. 10.
⁸ R. Doc. 10-1 at pp. 1–2.

additional insured.[9]  TPIC alleges that Taylors obtained liability coverage with National and/or Scottsdale, and that the policy was in place at the time of the underlying incident during which Walcott was injured.[10]  As a result, TPIC seeks to name National and Scottsdale as third-party defendants along with Taylors.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 14 governs third-party practice, with Rule 14(a)(1) addressing third-party claims asserted by a "defending party" as a "third-party plaintiff," and Rule 14(a)(3) addressing a plaintiff's assertion of claims against a third-party defendant.  Rule 14(a)(3) provides that, "[t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."  Rule 14(a)(3), however, "does not dispense with the requirement that the Court have jurisdiction over the subject matter of the claim."[11]  Additionally, "third-party practice under Rule 14(a) 'does not automatically establish a direct relationship between [the] plaintiff and the third-party defendant.'"[12]  District courts are afforded "wide discretion" in determining whether to permit third-party claims.[13]

---

[9] R. Doc. 10-3 at ¶ Article XVI.
[10] *Id.* at ¶ Article XVII.
[11] *J.S. v. Am. Inst. for Foreign Study, Inc.*, Civ. A. No. SA-12-CA-1036-XR, 2013 WL 1822760, at *1 (W.D. Tex. Apr. 30, 2013) (Rodriguez, J.) (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1444 (3d ed.)).
[12] *Luera v. M/V Alberta*, 635 F.3d 181, 185 n.3 (5th Cir. 2011) (*quoting* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1465 (3d ed.)).
[13] *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984) (quotation and internal quotation marks omitted).

According to the Fifth Circuit, "Rule 14(c) governs third-party practice in admiralty proceedings and, in some circumstances, allows a plaintiff to proceed directly against third-party defendants."[14] Rule 14(c)(1) provides the following:

> If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable–either to the plaintiff or to the third-party plaintiff–for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences."[15]

The Fifth Circuit has held that, "Rule 14(c) permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff."[16] Rule 14(c) also "requires the third-party plaintiff (1) to assert an action sounding admiralty [sic] or maritime, (2) that arises out of 'the same transaction, occurrence, or series of transactions or occurrences' as the plaintiff's original claim, and (3) over which the district court has jurisdiction."[17] The Fifth Circuit has recognized that Rule 14(c)'s "unique liberal joinder policy served to reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent

---

[14] *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 399 (5th Cir. 2003). *See Luera*, 635 F.3d at 185 n.3 (*quoting* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1465 (3d ed.)) ("The benefit of Rule 14(c), available only for admiralty claims, is that the original plaintiff is 'forced to assert his claims directly against the third-party defendant . . . .'").
[15] The Court notes that Fed. R. Civ. P. 9(h)(1) provides, in pertinent part, that, "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 . . . ."
[16] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242–43 (5th Cir. 2009).
[17] *Id.* at 243 (*quoting* Fed. R. Civ. P. 14(c)).

a third party's disappearing if jurisdiction and control over the party and his assets were not immediately established."[18]

## III. ANALYSIS

**A. TPIC's Third-Party Complaint invokes Fed. R. Civ. P. 9(h).**

The first issue before the Court is whether TPIC, as a limitation plaintiff, has properly designated Rule 9(h) as governing its proposed Third-Party Complaint. TPIC's Motion is devoid of any reference to legal authority supporting its request to file a third-party complaint against Taylors, National, and Scottsdale.[19] In its proposed Third-Party Complaint, however, TPIC asserts that the Court has subject matter jurisdiction over its third-party claims based upon "ancillary and/or pendant jurisdiction and the General Maritime Law as well as the Limitation of Liability Act. [sic] 46 USC § 30529 *et seq* and all laws supplementary thereto and amendatory thereof within the purview of Rule 9(h) and supplemental Rule F of the Federal Rules of Civil Procedure."[20] TPIC further asserts that the Court has original jurisdiction over its third-party claims pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[21] According to other Sections of this Court, "[t]he mere assertion of admiralty jurisdiction as a dual or alternate basis of subject matter jurisdiction is sufficient to make a Rule 9(h) election to proceed in admiralty for that claim."[22] As such, the Court

---

[18] *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 910 (5th Cir. 2001).
[19] *See* R. Docs. 10 & 10-1.
[20] R. Doc. 10-3 at ¶ Article VIII.
[21] *Id*. at ¶ Article IX.
[22] *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273, at *4 (E.D. La. June 10, 2013) (Roby, M.J.) (citing *United States v. Am. Commercial Lines, LLC*, Civ. A. No. 11-2076, 2013 WL 1182963, at *3 (E.D. La. Mar. 21, 2013) (Lemelle, J.)).

finds that TPIC has met its burden of designating Rule 9(h) as governing its proposed Third-Party Complaint.[23]

### B. TPIC can assert a third-party claim under Fed. R. Civ. P. 14(c).

The next issue before the Court is whether TPIC, a limitation plaintiff, can assert a third-party claim under Rule 14(c). "Rule 14(c) permits a *defendant* to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification for the third-party defendant, and (2) to tender the third-party defendant to the plaintiff."[24] The plain language of Rule 14 does not extend to plaintiffs, like TPIC.

Nonetheless, at least two district courts in this Circuit have found that Rule 14(c) was properly invoked where a limitation plaintiff in a maritime suit sought to implead a third-party defendant for contribution and indemnity.[25] In both cases, the court noted that while the plain language of Rule 14 did not allow for an original "plaintiff" to assert a third-party claim, doing so was a reasonable extension of Rule 14 because "[t]o utilize Rule 14(c) in the limitation proceedings following a maritime disaster will certainly expedite the matter by getting all the parties concerned

---

[23] The Court also finds that TPIC invoked Rule 9(h) in the Third-Party Complaint because the allegations therein relate directly to the outcome of the original limitation action, brought pursuant to Rule 9(h) and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See* R. Doc. 1 at ¶ Article XXII; *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273 at *4 (citing *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 399 (5th Cir. 2003) ("The facts of this case, in which the original liability and limitation actions were asserted under Rule 9(h) and the allegations in the Third Party Complaint relate directly to the outcome of those proceedings, suffice to show that Limitation Plaintiffs may assert their joinder claims under Rule 14(c) against Dune Properties and ABC in their Third Party Complaint.").
[24] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (emphasis added).
[25] *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273 at *4 (citing *In re McAninch*, 392 F. Supp. 96, 96 (S.D. Tex. 1975)). *See McAninch*, 392 F. Supp. at 96 (citing authority).

involved in a single proceeding."[26] The Court reaches the same conclusion in this case, and finds that TPIC can invoke Rule 14(c) to assert third-party claims against Taylors, National, and Scottsdale, notwithstanding the fact that, in this matter, a limitation action, it is not technically a "defendant."

### C. TPIC's third-party claims arise out of the same transaction or occurrence as that of the underlying limitation action.

As previously mentioned, TPIC seeks to assert third-party claims against Taylors, National, and Scottsdale to enforce the defense/indemnity/additional insuring provisions of its alleged MSA with Taylors.[27] As of the date of this Order and Reasons, TPIC's Motion for Leave to File Third Party Complaint is unopposed. While some of TPIC's factual allegations are contested by several of the claimants,[28] if true, TPIC's claim for indemnity and defense would clearly arise out of the same transaction or occurrence as that of the underlying limitation action.

### D. This Court has subject matter jurisdiction over TPIC's third-party claims.

The Court recognizes that allowing TPIC to file a third-party claim under Rule 14(c) "is not without complications," but that such complications are "blunted by the fact that Rule 14(c) is a procedural device, and that a plaintiff joined under Rule 14(c)

---

[26] *Matter of Teon Maria*, Civ. A. No. 12-1315, 2013 WL 12231273 at *4 (quoting *McAninch*, 392 F. Supp. at 96). *See In re Katrina Dredging Limitation Actions Consolidated Litigation*, Civ. A. No. 06-8676, 2008 WL 3876461, at *2 (E.D. La. Aug. 20, 2008) (Duval, J.) (citation omitted) (noting in dicta that "[t]he petitioner in proceedings for limitation of liability pursuant to the limitation statute may implead third parties, and in a limitation of liability action, the district court may permit claimants to cross-claim against each other for damages arising out of the same collision.").
[27] R. Doc. 10-1 at pp. 1–2. *See* R. Doc. 12-2.
[28] *See* R. Docs. 6, 8, & 12.

is not excused from ultimately alleging claims for which relief is cognizable."[29]  Here, TPIC alleges in the proposed Third-Party Complaint that the Court has subject matter jurisdiction over its third-party claims under general maritime law and the Limitation of Liability Act, 46 U.S.C. § 30529, *et seq.*[30]  No party has challenged this assertion, as TPIC's Motion is unopposed.  While TPIC did not provide a copy of its MSA with Taylors, TPIC alleges that under its provisions, Taylors has a duty of indemnification and to procure insurance, and that Taylors obtained liability coverage with Nationals and/or Scottsdale.[31]  According to the June 28, 2018 MSA submitted by claimants, The Production Group, LLC and David Hayes, Taylors and TPIC agreed that the MSA would be governed by Louisiana law.[32]  The MSA does not appear to have a forum selection clause.  Based upon the record before the Court, the Court finds that it has jurisdiction over the subject matter of the third-party claims at this time.  To the extent "that factual development may indicate that jurisdiction was inappropriate, that issue is not presently before the Court."[33]

### E. Granting TPIC's Motion will reduce inconsistency, eliminate redundancy, and secure third parties.

The Court further finds that allowing TPIC to assert its third-party claims pursuant to Rule 14(c) will reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent the disappearance of third

---

[29] *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273 at *5 (citing *U.S. v. Am. Commercial Lines, LLC*, Civ. A. No. 11-2076, 2013 WL 1182963, at *3 (E.D. La. Mar. 21, 2013)).
[30] R. Doc. 10-3 at ¶ Article VIII.
[31] *Id.* at ¶¶ Article XV–XVII.
[32] R. Doc. 12-2 at p. 15.
[33] *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273 at *5.

parties.[34] The Court specifically finds that because any indemnity and contribution action directly relates to a judgment obtained from the underlying limitation action, allowing TPIC to assert third-party claims against Taylors, National, and Scottsdale is consistent with the policies of achieving greater consistency and diminishing redundancy.[35]

For all of these reasons, and pursuant to Fed. R. Civ. P. 14(c), the Court finds that TPIC's Unopposed Motion for Leave to File Third Party Complaint has merit and should be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Unopposed Motion for Leave to File Third Party Complaint, filed by Limitation Petitioner, Texas Petroleum Investment Company,[36] is **GRANTED.** The Clerk's Office is directed to file Texas Petroleum Investment Company's Third-Party Complaint, and the Exhibits thereto,[37] into the record in this matter.

New Orleans, Louisiana, May 1, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[34] *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 910 (5th Cir. 2001).
[35] *Matter of Teon Maria, LLC*, Civ. A. No. 12-1315, 2013 WL 12231273 at *5.
[36] R. Doc. 10.
[37] R. Doc. 10-3.