# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**IN RE: IN THE MATTER OF TEXAS**
**PETROLEUM INVESTMENT COMPANY**

**CIVIL ACTION**

**NO. 24-2344**

**SECTION: D (2)**

## ORDER AND REASONS

Before the Court is Claimants' Opposed Motion to Lift Stay/Dissolve the Limitation Injunction, filed by George Walcott and Evelyn Walcott.[1]   Texas Petroleum Investment Company ("Petitioner"), as owner of the Vessel LA 9395, opposes the Motion.[2] The Production Group, LLC (the "Production Group") and David Hayes have joined Petitioner's Memorandum in Opposition.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of an allision involving the Vessel LA 9395 on the inland waters of Plaquemines Parish, Louisiana.[4] Petitioner is an oil and gas exploration company that, in addition to owning the Vessel LA 9395, owns the South Pass Block 24 Platform located in Louisiana's coastal waters.[5] At all times pertinent, Petitioner and the Production Group operated under a Master Service Agreement whereby the Production Group supplied Petitioner with labor and services for   Petitioner's

---

[1] R. Doc. 16.
[2] R. Doc. 29.
[3] *Id.*; R. Doc. 33.
[4] R. Doc. 1.
[5] R. Doc. 12 at p. 9.

business in the oil and gas exploration industry.[6]  Taylors International Services, Inc. ("Taylors") likewise furnished Petitioner with labor and services pertaining to Petitioner's work in the oil and gas exploration industry under a Master Service Agreement.[7]

On April 10, 2024, David Hayes, an employee of the Production Group, and George Walcott, an employee of Taylors, boarded the Vessel LA 9395 after completing work at the South Pass Block 24 Platform.[8]  David Hayes was the operator of the Vessel LA 9395 when it allided with a submerged navigational obstruction on the inland navigable waters of Plaquemines Parish, Louisiana.[9] George Walcott, as an occupant of the vessel, alleges he suffered bodily injuries resulting from the allision.[10]

On September 26, 2024, Petitioner filed a Verified Complaint for Exoneration From or Limitation of Liability in this Court, seeking exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30529, *et seq*, Rule 9(h), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for any and all loss of life, injuries, damages and/or losses arising out of the incident that occurred on April 10, 2024 on the inland waters of Plaquemines Parish, Louisiana.[11]  Along with its Complaint, Petitioner filed an *Ad Interim* Stipulation for Value advising that the fair market value of the Vessel LA 9395 FP and its freight as of April 10, 2024 was $28,000.[12]

---

[6] *Id.* at p. 10.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at pp. 10–11.
[11] R. Doc. 1 at pp. 1–2.
[12] R. Doc. 1-5.

This Court thereafter approved Petitioner's declaration of value, security, and *Ad Interim* Stipulation and issued an Order Directing Issuance of Notice and Restraining Prosecution of Claims on September 30, 2024, thereby staying any current and future state court proceedings brought by claimants against Petitioner.[13] In addition to the stay, the Court directed that any claims asserted against Petitioner arising out of this federal limitation action be made by Thursday, March 27, 2025.[14]

On December 19, 2024, George Walcott and Evelyn Walcott answered the Verified Complaint and asserted a personal injury claim sustained as a result of the April 10, 2024 incident.[15] Approximately three months later, on March 27, 2025, the Production Group and David Hayes filed an answer to the Verified Complaint and asserted their own claims for non-contractual indemnity and/or contribution from Petitioner.[16] The Production Group and David Hayes also asserted claims for contractual defense and indemnity from Petitioner pursuant to the Master Service Agreement between the Production Group and Petitioner.[17]

Thereafter, on April 21, 2025, George Walcott and Evelyn Walcott filed the instant Motion, seeking to dissolve the limitation injunction and lift the stay in this matter to pursue their claims in state court.[18] George Walcott and Evelyn Walcott assert that their Motion should be granted because this limitation action is a single

---

[13] R. Doc. 4. On October 1, 2024, George Walcott and his spouse, Evelyn Walcott, filed suit in Plaquemines Parish, Louisiana. George Walcott alleges physical injuries as a result of the allision; Evelyn Walcott's claim is for loss of consortium, service, and society of her husband. R. Doc. 12-3 at p. 8. The state court litigation is currently stayed. R. Doc. 12-3.
[14] R. Doc. 4 at p. 3.
[15] R. Doc. 6 at p. 8.
[16] R. Doc. 12 at pp. 9–11.
[17] *Id*.
[18] R. Doc. 16.

claimant case and that they have entered stipulations sufficient under Fifth Circuit jurisprudence to lift a limitation injunction.[19]  George and Evelyn Walcott specifically stipulate to the following:

1.  Claimants stipulate that Petitioner is entitled to and has the right to litigate all issues relating to limitation of liability under the provisions of 46 U.S.C. §§3050130512 [sic] in this Court pursuant to this Court's exclusive jurisdiction to determine all issues related to its right to limit.

2.  Claimants reserve the right to deny and contest in this Court (and appellate courts with jurisdiction to review this Court's orders) all assertions and allegations made by Petitioner in the Complaint Seeking Exoneration from or Limitation of Liability filed herein.

3.  Claimants will not seek in any action, other than the action in this Court in which this stipulation is filed, any judgment or ruling on the issue of Petitioner's right to limitation of liability, and hereby consents to waive any claim of res judicata relevant to the issue of limitation of liability based upon any judgments that may be rendered in Claimants' pending state court actions or any other action.

4.  Claimants stipulate and agree that if Petitioner is held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant party seeking indemnification for attorneys' fees and costs, such claim shall have priority over the claim of Claimants and that Claimants' recovery will be limited to his pro rata portion of the proper limitation fund, as reduced by the amounts of such attorneys' fees or costs (all as determined by order of this Court and any appellate review thereof). All other references to the "proper limitation fund" in this stipulation are intended to mean the proper limitation fund, as reduced on account of any award of attorneys' fees and costs as specified in the preceding sentence.

5.  Although Claimants are the only individual Claimants in this matter, Claimants agree that, in the event they reach a settlement with Petitioner that is funded before the resolution of the claims of all Claimants, all settlement funds will be held in trust by Claimants' counsel until the latter of (i) the resolution of the claims of all Claimants, whether by judgment or settlement, and (ii) a final

---

[19] R. Doc. 16-1 at p. 6.

adjudication by this Court (including any appellate review) of Petitioner's entitlement to limitation and the amount of the proper limitation fund. Claimants further agree that, in the event that the judgments and recoveries on the claims of all Claimants cumulatively exceed the amount established as the proper limitation fund, then any settlement funds resulting from Claimants' settlement with Petitioner in excess of Claimants' pro rata portion of the proper limitation fund shall be distributed to the other Claimants in proportion to their pro rata percentage of the proper limitation fund, as determined by the ratio of each Claimants' judgment or settlement to the total amount of all judgments or settlements of all Claimants.

6.  Claimants agree that, in the event that Claimants' claims against Petitioner are reduced to final judgment before the resolution of all Claimants' claims, Claimants will defer any effort to execute on such judgment until the latter of (1) the resolution of the claims of all Claimants, whether by judgment or settlement, and (2) a final adjudication by this Court (including any appellate review) of Petitioner's entitlement to limitation and the amount of the proper limitation fund. Claimants further agree that, in the event that the judgments and recoveries of all Claimants against Petitioner cumulatively exceed the amount established as the proper limitation fund, Claimants will not seek to execute on the portion, if any, of a judgment against Petitioner that exceeds Claimants' pro rata portion of the proper limitation fund, as determined by the ratio of Claimants' judgment to the total amount of all judgments or settlements of all Claimants.

7.  Claimants specifically reserve the right to challenge in this Court the value of the limitation fund, the value of Petitioner's interest in the vessels, their engines, tackle, apparel, etc. including any applicable insurance.

8.  Claimants agree to abide by this stipulation in all respects unless Petitioner and Claimants agree in writing to permit Claimants' departure from the provisions of this stipulation.

9.  Claimants stipulate that they will not transfer any judgment against Petitioner to any third party without providing the prospective transferee, in advance of such transfer, with a copy of this stipulation, as well as prior written notice that execution of the judgment is subject to, and restricted in accordance with, this stipulation.

10. Claimants acknowledge and understand that they had an absolute right to retain and consult with independent counsel prior to consenting to this stipulation. Claimants represent that they are entering into this stipulation of their own free will.[20]

In sum, George Walcott and Evelyn Walcott ask the Court to accept the stipulations as sufficient, dissolve the injunction issued against the state court proceeding, and allow them to pursue their case in state court before a jury.[21]

Petitioner filed a Memorandum in Opposition,[22] to which the Production Group and David Hayes have joined.[23] Petitioner concedes that "in a true 'single claimant' circumstance the Walcotts would be entitled to the relief they seek."[24] Instead, Petitioner claims that "this action does not present such a situation."[25] Petitioner thus contends that this limitation action "is not a single claimant proceeding and, for that reason, Claimants' motion should be denied."[26] Petitioner maintains that because the Production Group and David Hayes have made a claim against Petitioner for indemnity and/or contribution, this limitation action is no longer a single claimant proceeding and thus the dissolution of the Court's limitation injunction is inappropriate.[27]

---

[20] R. Doc. 16-1 at pp. 3–6.
[21] *Id.* at pp. 1–6.
[22] R. Doc. 29.
[23] R. Doc. 33.
[24] R. Doc. 29 at p. 4.
[25] *Id.*
[26] *Id.*
[27] *Id.* at pp. 4–5.

## II.    LEGAL STANDARD

Under the Limitation of Liability Act, "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability."[28]  According to the Fifth Circuit, "[t]he Limitation Act allows shipowners to limit their liability for an array of 'claims, debts, and liabilities' that might arise from the activities of their vessels to 'the value of the vessel and pending freight,' as long as the incident giving rise to liability occurred 'without the privity or knowledge of the owner.'"[29]  When a vessel owner brings an action under the Limitation Act, "all claims and proceedings against the owner related to the matter in question shall cease."[30]  Thus, when a limitation action is filed, the federal district court "stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[31]  The Limitation Act is designed to protect shipowners in those cases where "the losses claimed exceed the value of the vessel and freight."[32]

The Fifth Circuit has made clear, however, that a shipowner's right to limitation is "cabined by the 'saving to suitors' clause."[33]  The saving to suitors clause

---

[28] 46 U.S.C. § 30529(a).

[29] *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (*quoting* 46 U.S.C. § 30505(a)-(b)); *see Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).

[30] 46 U.S.C. § 30529(c).

[31] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575; *see* Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."). As noted by the Fifth Circuit, "[b]ecause the Supreme Court determined that the Limitation Act is incapable of execution without further instructions to the courts, it promulgated procedural rules to govern limitation actions, which are now contained in Supplemental Admiralty and Maritime Claims Rule F." *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 n.3 (*quoting In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004)) (internal quotation marks omitted).

[32] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575.

[33] *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 (quoting *Odeco Oil*, 74 F.3d at 674) (internal quotation marks omitted).

provides that, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[34] According to the Fifth Circuit, the saving to suitors clause carries a presumption in favor of jury trials and common law remedies.[35]  Thus, while the Limitation Act gives shipowners the right to seek limitation of their liability exclusively in federal court, the saving to suitors clause "affords suitors a choice of remedies."[36]

Recognizing the tension created by the Limitation Act and the saving to suitors clause, the Fifth Circuit has instructed that, "the district court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum."[37]  The Fifth Circuit has recognized two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight; and (2) when *all claimants* stipulate that the federal court had exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[38]  "Thus, if the necessary stipulations are provided to protect the

---

[34] 28 U.S.C. § 1333(1).

[35] *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 (quoting *Magnolia Marine Transp. Co.*, 964 F.2d at 1575) (internal quotation marks omitted).

[36] *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 (quoting *In re Tetra*, 362 F.3d at 340) (internal quotation marks omitted).

[37] *Odeco Oil*, 74 F.3d at 674 (cleaned up).

[38] *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 (quoting *Odeco Oil*, 74 F.3d at 674) (internal quotation marks omitted); *see also In re Tetra,* 362 F.3d at 341.

rights of the shipowner under the Limitation Act, the claimants may proceed in state court."[39]  The Fifth Circuit has further held that, "a single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the [Limitation] Act."[40]

### III.    ANALYSIS

George Walcott and Evelyn Walcott ask the Court to lift the stay and/or dissolve the limitation injunction in this matter.[41] According to the Fifth Circuit, there are only two instances in which the Court has discretion to lift a stay to allow claims to proceed outside a limitation action:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[42]

Here, Claimants George Walcott and Evelyn Walcott do not contend that the total amount of claims are less than Petitioner's declared value of the vessel and its freight – $28,000.[43] Thus, the sole question before the Court is whether this limitation action is a single claimant matter, thereby giving the Court discretion to lift the stay

---

[39] *In re Tetra*, 362 F.3d at 341 (*citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001)).
[40] *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006).
[41] R. Doc. 16.
[42] *In re Devall Towing & Boat Service of Hackberry, L.L.C.*, 827 Fed. Appx. 411, 413 (5th Cir. 2020)(citation modified).
[43] *See* R. Doc. 16-1; R. Doc. 29 at p. 7 ("The Walcotts concede their claims exceed the $28,000 limitation fund.").

and/or dissolve the limitation injunction. For the reasons set forth below, the Court finds that it does not.

The Production Group and David Hayes have filed claims for non-contractual indemnity and/or contribution from Petitioner and claims for contractual defense and indemnity from Petitioner.[44] The Fifth Circuit caselaw is clear on this issue.[45] "Parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."[46] Thus, the Court finds that the Production Group and David Hayes are claimants in this limitation action. The Production Group and David Hayes, however, have not joined the stipulations set forth by George Walcott and Evelyn Walcott.[47] This is fatal to the instant Motion.[48] Because "[t]he law is well-settled that in limitation actions in which more than one claimant is involved, all claimants must enter into a stipulation to

---

[44] R. Doc. 12 at pp. 9–11.

[45] In *Odeco Oil*, the Fifth Circuit addressed the issue of "whether the parties seeking contribution and indemnity are 'claimants' within the meaning of the Limitation Act, and therefore must actually sign the stipulation before the injured claimants may proceed in state court." *Odeco Oil*, 74 F.3d at 674.

[46] *Odeco Oil*, 74 F.3d at 675 (citation modified); *see also Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (5th Cir. 1995)(finding that a claimant within the Limitation Act includes a co-defendant asserting a crossclaim for indemnity, costs, and attorneys' fees).

[47] R. Doc. 29; R. Doc. 33.

[48] Claimants George Walcott and Evelyn Walcott spend the near entirety of their memorandum in support to the instant Motion asserting that their stipulations are sufficient under Fifth Circuit precedent. *See* R. Doc. 16-1. These arguments, while having merit, put the proverbial cart before the horse. The Court does not reach the merits of whether the stipulations are sufficient. The sufficiency of the stipulations is inconsequential unless *all* claimants agree to the stipulations. Therefore, the Motion must be denied because all claimants have not agreed to the stipulations. *See In re* Nguyen, No. 01–3510, 2002 WL 31207454, at *3 (E.D. La. Oct. 1, 2002) (Africk, J.)(finding stipulations insufficient where co-defendant cross-claimants did not join the stipulations at issue).

dissolve the injunction on related proceedings[,]"[49] the Court declines to lift the stay or dissolve the limitation injunction in this matter.[50]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Claimants' Opposed Motion to Lift Stay/Dissolve the Limitation Injunction[51] is **DENIED.**

New Orleans, Louisiana, January 5, 2026.

_Wendy B Vitter_

**WENDY B. VITTER**
**United States District Judge**

---

[49] *Matter of Bisso Towboat Co., Inc.*, CIVIL ACTION No. 22-3479 c/w 22-4115, 2023 WL 2810199, at *3 (E.D. La. Apr. 6, 2023)(Africk, J.)(citing *In re Complaint of Bertucci Contracting Co., LLC*, No. 12-1783, 2015 WL 4994656, at *4 (E.D. La. Aug. 19, 2015) (Barbier, J.)).
[50] Fifth Circuit precedent is "clear that a district court abuses its discretion in allowing the state court action to proceed in the absence of a stipulation, *agreed to by all claimants*, protecting the shipowner's right to limitation." *In re Devall Towing & Boat Service of Hackberry, L.L.C.*, 827 Fed. Appx. at 414 (citation modified)(emphasis added).
[51] R. Doc. 16.