**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: IN THE MATTER OF TEXAS              CIVIL ACTION
PETROLEUM INVESTMENT COMPANY

                                          NO. 24-2344

                                          SECTION: D (2)

## ORDER AND REASONS

Before the Court is Claimants' Motion to Bifurcate Texas Petroleum Investment Company's Complaint for Exoneration from or Limitation of Liability from Claimants' Claim for Damages, filed by Claimants George Walcott and Evelyn Walcott (the "Walcotts").[1]  Texas Petroleum Investment Company ("Petitioner") opposes the Motion.[2] The Production Group, LLC and David Hayes (collectively "TPG") also opposes the Motion.[3]  The Walcotts have filed a Reply.[4] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court, in a previous Order and Reasons, has detailed the factual background at length in this matter.[5] The Court therefore provides the factual background only as necessary to the instant Motion. This action for exoneration from or limitation of liability arises out of an April 10, 2024 allision involving the Vessel

---

[1] R. Doc. 73.
[2] R. Doc. 74.
[3] R. Doc. 75.
[4] R. Doc. 77.
[5] *See* R. Doc. 91.

LA 9395[6] on the inland waters of Plaquemines Parish, Louisiana.[7] The Walcotts assert the following factual allegations.

On the morning of the incident, David Hayes was operating the Vessel, in which Blake Evans and George Walcott were passengers.[8] Roughly thirty minutes into their voyage, David Hayes veered the Vessel starboard to make way for an oncoming vessel.[9] David Hayes continued to veer the Vessel starboard, despite numerous warnings from Blake Evans that the Vessel was heading toward a large obstruction protruding out of the water.[10] The Vessel allided with the hazard, became lodged on a pylon, and became inundated with water.[11] As a result of the allision, George Walcott suffered numerous bodily injuries, including damage to his neck and back.[12]

On September 26, 2024, Petitioner filed a Complaint for Exoneration from or Limitation of Liability in this Court.[13] The Court issued an Order Directing Issuance of Notice and Restraining Prosecution of Claims on September 30, 2024.[14] Two days later, on October 1, 2024, the Walcotts filed a state court suit in Plaquemines Parish, Louisiana.[15] In the state court suit, George Walcott asserted claims for damages arising out of the incident aboard the Vessel, and Evelyn Walcott asserted claims for

---

[6] Vessel La 9395 is also referred to as the M/V SYDNEY. *See* R. Doc. 73-1 at p. 2. The Court will refer to it as the "Vessel" throughout this Order and Reasons.
[7] R. Doc. 73-1 at p. 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] R. Doc. 1.
[14] R. Doc. 4.
[15] R. Doc. 73-1 at p. 2.

loss of consortium.[16]    As a result of the Court's Order Restraining Prosecution of Claims, the Walcotts' state court suit is currently stayed.[17]

The Walcotts filed the instant Motion to Bifurcate on September 8, 2025, seeking an Order bifurcating all liability and limitation issues from their personal injury claims.[18] The Walcotts concede that Petitioner "is entitled to proceed without a jury while this Court adjudicates liability and limitation issues."[19] However, the Walcotts seek to "bifurcate this case to ensure that the only issue resolved at the May 18, 2026 bench trial are the liability and limitation issues – and to reserve to a jury in state or federal court of their choosing their claim for damages if limitation is denied and liability is found."[20]

The Walcotts' Motion is based on two grounds. First, they allege that Fed. R. Civ. P. 42(b) supports granting the instant Motion, as "[b]ifurcating the issues of liability / limitation from damages in the case *sub judice* will achieve efficiency and judicial economy[,] [and] [t]he liability / limitation issues present largely different facts and issues than the damages portion."[21] Second, the Walcotts contend that "bifurcation is the 'preferred approach, at least within the federal district courts of the Fifth Circuit, to decide the limitation issues and then allow claimants to return

---

[16] *Id.* at pp. 2–3.
[17] R. Doc. 4.
[18] R. Doc. 73-1.
[19] *Id.* at p. 5.
[20] *Id.*
[21] *Id.* at p. 7.

to state court if they so desire' with a right to jury trial on their damages claim."[22]

Thus, according to the Walcotts, their Motion should be granted.[23]

Petitioner opposes the Motion but concedes that "the Court has the authority

to grant the Walcotts' claim for bifurcation."[24] While acknowledging that the Court

has the authority to do otherwise, Petitioner argues that the Court should follow Fifth

Circuit jurisprudence demonstrating that the Court "is certainly empowered to hear

and decide the whole case, damages included."[25] Thus, Petitioner avers that "even if

the Court accedes to [the Walcotts'] motion and grants bifurcation at least in this

venue, [the Walcotts] would not be entitled to a jury trial on the damage claim."[26]

TPG likewise opposes the Motion.[27] TPG contends that "[l]iability and

damages in this case are not so distinct. The allocation of fault among [the] alleged

tortfeasors will directly shape the damages inquiry. Bifurcating this case, especially

---

[22] *Id.* (quoting *In re Athena Const., LLC*, Civil Action Nos. 06–2004, 06–2366, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007)). Before addressing the merits, the Court addresses the statement that bifurcation is the "preferred approach" of courts within the Fifth Circuit.  The Walcotts correctly quote this language from a 2007 order from a court in the Western District of Louisiana. With that said, the Court points out that that language is not in line with Fifth Circuit jurisprudence.  Indeed, the Fifth Circuit has cautioned that bifurcation should be used sparingly and that courts should not bifurcate claims unless the issue to be tried separately is "so distinct and separate from the others that a trial of it alone may be had without injustice." *See McDaniel v. Anheuser Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993). And recently, the Fifth Circuit has stated that "[t]o be clear, bifurcation is a case-specific inquiry that is not the usual course and must be considered within the facts and context of each case. A one size fits all approach will not do." *Sims v. City of Jasper, Texas*, 117 F.4th 283, 292 n.3 (5th Cir. 2024)(citation modified). The Fifth Circuit further clarified that "[w]hatever might  be  said  of  bifurcation generally, it still requires an individualized, case-specific inquiry that must be approached with trepidation. Thus, the propriety of bifurcating one case is not necessarily indicative of the propriety of bifurcating another." *Id.* at 294 n.6 (citation modified).

[23] R. Doc. 73-1 at p. 11.

[24] R. Doc. 74 at p. 4.

[25] *Id.* ("TPIC concedes the Court has the authority to grant the Walcotts' claim for bifurcation. However, the jurisprudence also suggests granting a bifurcation request in a Limitation Action is discretionary with the Court and this Court is certainly empowered to hear and decide the whole case, damages included.").

[26] *Id.*

[27] R. Doc. 75.

when multiple parties with multiple crossclaims are involved, would not serve limitation's purpose."[28] TPG further alleges that bifurcation "could very well require the parties to duplicate discovery efforts and re-litigate issues already properly before this Court. Keeping all claims here, however, ensures continuity, efficiency, and fairness."[29] As a final matter, TPG claims that "to the extent that the Walcotts seek a federal jury on damages, no such right exists in this admiralty proceeding, as [Petitioner] correctly notes in its opposition."[30]

The Walcotts, in Reply, assert that Petitioner's "[o]pposition neither alters the jurisprudential landscape and preferred approach to bifurcation in the Fifth Circuit; nor provides good cause for denial of Claimants' Bifurcation Motion."[31] The Walcotts further contend that TPG's "Opposition likewise misses the mark on bifurcation."[32] Thus, according to the Walcotts, their Motion to Bifurcate should be granted.[33]

## II.    LEGAL STANDARD

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."[34] The decision to bifurcate "'is a matter within the sole discretion of the trial court.'"[35] A "district

---

[28] *Id.* at p. 2.
[29] *Id.*
[30] *Id.*
[31] R. Doc. 77 at p. 2.
[32] *Id.* at p. 4.
[33] *Id.* at p. 5.
[34] Fed. R. Civ. P. 42(b).
[35] *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994)(quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171, 1174 n. 2 (5th Cir.1992)).

judge must weigh a variety of facts, such as whether one trial or separate trials best

will serve the convenience of the parties and the court, avoid prejudice, and minimize

expense and delay."[36]

"Separation of issues, however, is not the usual course that should be

followed."[37] The Fifth Circuit has "cautioned district courts to bear in mind before

ordering separate trials in the same case that the 'issue to be tried [separately] must

be so distinct and separable from the others that a trial of it alone may be had without

injustice.'"[38] "'In sum, courts must consider the justifications for bifurcation in

relation to the facts of the individual case, giving particular consideration to the

avoidance of prejudice, in order to determine if a separate trial is appropriate.'"[39]

## III.   ANALYSIS

The Court declines to bifurcate the trial in this matter. "'The party moving for

bifurcation has the burden to demonstrate that judicial economy would be promoted

and that the non-moving party will not suffer prejudice.'"[40] Analyzing the Rule 42(b)

---

[36] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. Sept. 2025 update).

[37] *McDaniel*, 987 F.2d at 304.

[38] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992)(Feldman, J.)(quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

[39] *Matter of Cooper Marine, Inc.*, CIVIL ACTION NO. 24-2778 c/w NO. 25-730, 2025 WL 3022214, at *2 (E.D. La. Oct. 29, 2025)(Fallon, J.)(quoting *Laitram Corp.*, 791 F. Supp at 114–15).

[40] *Becnel v. Lamorak Insurance Company*, CIVIL ACTION NO. 19-14536, 2022 WL 2467675, at *2 (E.D. La. July 6, 2022)(Lemelle, J.)(quoting *Wesco Ins. Co. v. Tauler Smith LLP*, Case No. CV 19-08171 PA (SKx), 2020 WL 4369496, at *1 (C.D. Cal. Mar. 10, 2020)); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall and Associates, Inc.*, CIVIL ACTION NO. 18-2885, 2020 WL 5232423, at *2 (E.D. La. Sept. 2, 2020)(Ashe, J.)("The party moving for bifurcation has the burden to demonstrate that judicial economy would be promoted and that the non-moving party will not suffer prejudice.")(internal quotation marks omitted).

factors in turn – convenience; avoiding prejudice; and expedition and economy – the Court finds that the Walcotts have not met their burden.[41]

> A.     *Convenience*

Bifurcating this trial would not promote convenience. As an initial matter, the Walcotts vaguely describe how bifurcating this trial would promote convenience. In their Reply brief, they advance that "damages are a completely distinct issue from limitation, liability, and apportionment of fault. Claimant, George Walcott, has already undergone one major spinal fusion surgery and may very well require another. His damages involve a different universe of evidence than the issues of liability."[42] The Walcotts fail to offer further explanation as to how convenience would be advanced via bifurcation. Instead, the Walcotts largely reiterate that bifurcation is the "preferred approach" of courts within the Fifth Circuit without any application to the current matter.[43] Without more, as it pertains to promoting convenience, the Court cannot say that the Walcotts have carried "its burden of proving this is an exceptional case warranting bifurcation under Rule 42."[44]

---

[41] Fed. R. Civ. P. 42(b).

[42] R. Doc. 77 at pp. 4–5.

[43] R. Doc. 73-1 at p. 7. Alternatively, Petitioner avers that "[i]f, as claimants [] suggest, the damage phase is severed and the stay order lifted so the case could proceed in State Court, all the defense parties would have to file responsive pleadings in that venue. Scheduling conferences would be convened, various deadlines, cutoffs and trial date selected, all things that have already been done in this Court. Hardly a model of judicial efficiency." R. Doc. 74 at p. 3. Likewise, TPG argues that "[b]ifurcating this case, especially when multiple parties with multiple crossclaims are involved, would not serve limitation's purpose. Instead, it could very well require the parties to duplicate discovery efforts and re-litigate issues already properly before this Court." R. Doc. 75 at p. 2.

[44] *Meador v. Starr Indemnity & Liability Insurance Company*, CIVIL ACTION NO. 19-2378, 2020 WL 1332952, at *3 (E.D. La. Mar. 23, 2020)(Morgan, J.).

###### B.    *Avoiding Prejudice*

"'Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b).'"[45] Yet the Walcotts fail to address how they would be prejudiced by the denial of their motion or whether Petitioner and TPG would not be prejudiced by bifurcation of the trial.  Instead, they merely reiterate that bifurcation is the "preferred approach" among federal courts within the Fifth Circuit.[46] As noted, that statement, standing alone, is not supported by Fifth Circuit precedent.[47] Since the Walcotts fail to mention any potential prejudice to Petitioner and TPG, the Court cannot say that the Walcotts have met their burden under Rule 42(b). Further, as discussed in more detail below, the Court sees no likelihood in jury confusion in trying these claims—which are not complex—at the same time.

###### C.    *Expedition and Economy*

Bifurcation will not expedite or economize this case. The Walcotts invoke *Archer Daniels Midland Co. v. M/T American Liberty*[48] for the proposition that the trial should be bifurcated.[49] The Court finds *Archer Daniels* distinguishable. As explained by another Section of this Court:

> The *Archer Daniels* court granted bifurcation in a case involving a tanker that crashed into several vessels and injured multiple crewmembers. In that case, a tugboat assisted a tanker in her turn to sea, but the tanker lost control/engine power and allided with another vessel and two barges. This allision injured several dockworkers and caused the two barges to break loose and travel downriver. These loose

---

[45] *Matter of Cooper Marine, Inc.*, 2025 WL 3022214, at *3 (quoting *Laitram Corp.*, 791 F. Supp at 115).
[46] R. Doc. 77 at p. 4.
[47] *See supra* note 22.
[48] *Archer Daniels Midland Co. v. M/T American Liberty*, CIVIL ACTION NO. 19-10525 C/W 19-10925, 19-11813, AND 19-12748, 2020 WL 1889123, at *1 (E.D. La. Apr. 16, 2020)(Vance, J.).
[49] R. Doc. 73-1 at p. 10.

barges and the tanker then allided with an elevator grain facility, damaging another vessel as well as a fleet of stationary barges. The district court bifurcated liability from damages because it would economize and expedite the proceedings. That court bifurcated the damages trial because damages issues would involve separate and potentially complicated questions, such as the economic complexities of large property-loss claims. Therefore, bifurcating the case could enable the Court to decide the core issues driving the litigation expeditiously, and may eliminate the need for a trial of some or all damages issues as a result of settlements or rulings on the merits.[50]

The case at bar is different from *Archer Daniels*. Here, there are two personal injury claimants – George Walcott and Evelyn Walcott. While this matter does have competing crossclaims like *Archer Daniels*, such claims are not so complex as to warrant bifurcation. And unlike *Archer Daniels*, this matter does not involve multiple limitation petitioners. Moreover, *Archer Daniels* was a consolidation of four limitation actions. This matter, in turn, involves one limitation petitioner. Thus, the Court finds *Archer Daniels* easily distinguishable, as the instant matter is not so complex as to necessitate bifurcation.

Further, the Court notes that the issues of liability, causation, and damages will involve substantial amounts of overlapping evidence, thereby making bifurcation impermissible. "Bifurcation of issues of limitation and damages is not appropriate when evidence will inevitably overlap with regard to the issues of damages, causation, and liability."[51] In analyzing whether a limitation petitioner may limit its liability, courts undergo a two-step process.[52] "'First, the court must determine what

---

[50] *Matter of Cooper Marine, Inc.*, 2025 WL 3022214, at *4 (citation modified).
[51] *In re Bertucci Contracting Co., LLC*, Civil Action Nos. 12–664, 12–697, 12–1783, 12–1912, 12–1914, 2015 WL 114174, at *3 (E.D. La. Jan. 8, 2015)(Barbier, J.)(citation modified).
[52] *Id.*

acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.'"[53] To prove negligence under the first prong, claimants must "demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury."[54] Here, the Walcotts' claims will proceed accordingly. The evidence they will present pertaining to damages, such as George Walcott's physical injuries, will significantly overlap with the issues of causation and liability.  Therefore, bifurcation is improper.

For the reasons set forth above, the Court finds that the Walcotts are not entitled to bifurcation under Rule 42(b). The Fifth Circuit is clear that "[s]eparation of issues . . . is not the usual course that should be followed."[55] The Court therefore declines to undercut precedent, especially considering the Walcotts' failure to meet their burden under Rule 42(b). Bifurcation is denied.

---

[53] *Id.* (quoting *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976)).
[54] *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991).
[55] *McDaniel*, 987 F.2d at 304.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Claimants' Motion to Bifurcate Texas Petroleum Investment Company's Complaint for Exoneration from or Limitation of Liability from Claimants' Claim for Damages [56] is **DENIED.**

New Orleans, Louisiana, January 6, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[56] R. Doc. 73.