UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  IN THE MATTER OF TEXAS PETROLEUM INVESTMENT COMPANY | * | CIVIL ACTION |
| | * | NO. 24-2344 |
| | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me on an expedited basis is Petitioner Texas Petroleum Investment Company's Motion for Leave to Amend Answer. ECF Nos. 97, 100. Though untimely, Claimants George Walcott and Evelyn Walcott filed an Opposition Memorandum, and Petitioner filed a Reply Memorandum. ECF Nos. 103, 104. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Petitioner's Motion for Leave to Amend Answer to Claim is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Petitioner Texas Petroleum Investment Company ("TPIC") filed this complaint for exoneration from and/or limitation of liability after its vessel, operated by David Hayes, allided with a navigational obstruction on inland navigable waters of Plaquemines Parish, Louisiana. ECF No. 1 ¶¶ 3, 8-9.

The Production Group, LLC ("TPG") answered the limitation petition and asserted a claim, and it later amended same to include vessel operator David Hayes. ECF No. 8; No. 12. TPG alleged that it and another entity (Taylors International Services, Inc. ("Taylors")) provided labor and/or services to TPIC's in connection with its operations pursuant to separate master services

1

agreements. ECF No. 12 at 10 (¶ 5); *see* ECF No. 12-1; No. 12-2. It also alleged that vessel operator David Hayes was employed by TPG. ECF No. 12 at 10 (¶ 7).

TPIC filed a third-party complaint against Taylors and its insurers alleging that Claimant George Walcott was employed by Taylors and performing work pursuant to the TPIC/Taylors MSA. ECF No. 25 ¶ 12.

Claimant George Walcott was an occupant of the vessel at the time of the allision. ECF No. 1 ¶ 11. He answered the petition and filed a claim with his wife Evelyn Walcott (collectively, the "Walcott Claimants") for personal injuries. ECF No. 6. They later filed cross-claims against Hayes and TPG alleging that TPG is vicariously liable for Hayes' conduct and directly liable for negligent hiring, training and supervision. ECF No. 38.

TPG and Hayes answered the Walcott Claimants' claims, which answer did *not* include a borrowed servant defense. ECF No. 40. TPG and Hayes later moved to amend their responsive pleading to the Walcott Claimants' cross-claim to add a borrowed servant defense, which they allege was crystallized during George Walcott's June 23, 2025, deposition which occurred after the deadline for amendments. ECF No. 52; No. 52- at 3-4. Although TPIC opposed the motion[1] filed after the deadline for amending pleadings,[2] on January 5, 2026, Chief Judge Vitter granted the request for leave to amend, finding good cause to modify the Scheduling Order. ECF No. 92.

## II.    THE PENDING MOTION

Ten days after Chief Judge Vitter's ruling granting TPG leave to assert a borrowed servant defense, TPIC filed this motion seeking to amend its answer to the Walcott Claimants' claim to assert "borrowed servant/statutory employee" defenses, which it contends was not necessary to

---

[1] ECF No. 59
[2] The Scheduling Order set a May 23, 2025, deadline for amending pleadings, and the Amended Scheduling Order set a May 18, 2026, trial date and March 2, 2026, discovery deadline. ECF No. 21 at 2; No. 70 at 2, 4.

assert until TPG was allowed to amend its answer to assert that Hayes was a borrowed servant of TPIC. ECF No. 97-1 at 1-2. TPIC alleges that the new issue added by TPG's amendment recently allowed by Chief Judge Vitter constitutes good cause to modify the scheduling order to allow TPIC to likewise add this additional defense. *Id.* at 2.

In Opposition, the Walcott Claimants argue that granting the motion prejudices them because this new defense, if successful, would preclude recovery. ECF No. 103 at 1. They also argue that TPIC's request is untimely because TPIC knew all of the underlying facts supporting this defense months ago. *Id.* at 1-2. They also allege that granting TPIC's request will necessitate an amendment to their claim to assert a specific claim under 33 U.S.C. § 905(b). *Id.* at 2.

In Reply, TPIC argues that it was prejudiced by TPG's amendment, and the same justification for granting TPG leave supports TPIC's request. ECF No. 104 at 1-2. Further, TPIC argues that the relevant prejudice does not look to whether the new claim or defense will be successful as every new claim or defense is potentially prejudicial to the opposing party. *Id.* at 2. It asserts that this request is timely as it was filed within two weeks of Chief Judge Vitter granting TPG's motion, and until TPG asserted the borrowed servant/statutory employer defense, it had no basis to assert this defense. *Id.* at 2-3. Finally, TPIC argues that granting of this motion will not jeopardize the trial date, and the Walcott Claimants would not need to amend to assert a § 905(b) claim as they have already asserted a claim under General Maritime Law. *Id.* at 4. But if the Walcott Claimants did seek to amend, TPIC would not oppose that motion. *Id.*

### III. APPLICABLE LAW AND ANALYSIS

While Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought *after* the scheduling order deadline for

3

amendments has expired, the analysis is governed by Rule 16.[3] The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[4] As TPIC's motion for leave to amend was not filed until after expiration of the deadline for amending pleadings, it must establish good cause under Rule 16 before the Court may address the request under Rule 15.

### A. Rule 16's Good Cause Standard

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[5] In *Geiserman v. MacDonald*, the Fifth Circuit identified four factors to determine the existence of good cause to modify a scheduling order,[6] and it adopted that standard to requests to amend pleadings after expiration of the scheduling order deadline in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*.[7] The court must consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[8] "No single factor is dispositive, nor must all the factors be present."[9] The four factors are considered

---

[3] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[4] *Id.* (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[5] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[6] *See* 893 F.2d 787, 791 (5th Cir. 1990).
[7] 315 F.3d at 536.
[8] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).
[9] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).

holistically, and the court has wide discretion to weigh and balance the factors, including the discretion to find that any one factor outweighs the others.[10]

### 1. Explanation for Failure to Timely Amend

In this case, as Chief Judge Vitter recognized in granting TPG's motion for leave, George Walcott's deposition occurred on June 23, 2025. ECF No. 92 at 2-4. That deposition occurred after expiration of the May 23, 2025, deadline for amending pleadings. ECF No. 21 at 2. Although the parties knew certain information before that deposition, the borrowed servant defense is highly fact intensive, and it was not unreasonable for the parties to wait until an adequate factual basis was revealed in discovery to assert the defense. ECF No. 92 at 8. Until Chief Judge Vitter granted TPG's motion for leave to add this new defense, TPIC has no need to raise its related defense.

This factor weights in favor of finding good cause.

### 2. Importance of Amendment

When a proposed amendment potentially provides additional grounds for recovery or directly affects the prospects of recovery, it satisfies the Rule 16(b) importance requirement.[11] TPIC's defense certainly affects potential recovery. As Chief Judge Vitter recognized, allowing the amendment for asserting the borrowed servant defense would potentially have a significant impact on which party is liable for Hayes' conduct. ECF No. 92 at 9-10. Thus, the proposed amendment satisfies the importance prong.

This factor weighs in favor of finding good cause.

---

[10] *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (noting the district court's finding that plaintiff's failure to account for its delay was dispositive and outweighed the other three factors and finding same within the court's discretion).

[11] *See E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted) (finding the importance factor met when party sought to add new affirmative defenses and a counterclaim because they would protect the party from damages and entitle it to additional recovery if successful), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

### 3. Prejudice

Proposed amendments that merely propose "alternative legal theories for recovery on the same underlying facts . . . generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities."[12] But late-stage amendments that essentially plead a fundamentally different case with new causes of action and different parties, effectively reconstructing the case anew, are unduly prejudicial and should not be permitted.[13] To determine whether a new claim fundamentally alters the case, the court looks to the factual similarities between the new claim and the existing claim, whether the addition would require expansive discovery and litigation, and whether the addition would delay the resolution of the case.[14] When "the proposed amendments are based on the same underlying facts alleged in the original complaint," the Court should not find the new claim fundamentally alters the nature of the case.[15] When, however, an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court," prejudice is established.[16]

---

[12] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004); *see also Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).

[13] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case); *Phoenix Int'l Holdings, Inc. v. UH Servs. Grp., LLC*, No. 20-1684, 2021 WL 6108319, at *5 (E.D. La. Oct. 28, 2021) (Douglas, M.J.) (finding proposed amendment adding fraud claim after expiration of discovery deadline changed the nature of the case and constituted prejudice).

[14] *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid).

[15] *Operaciones Tecnicas*, 2015 WL 4254130, at *5; *see also Washington St. Tammany Elec. Coop., Inc. v. Grid Power Prods., L.L.C.*, No. 17-17447, 2018 WL 10246146, at *3 (E.D. La. July 11, 2018) (granting leave to amend products liability action to add redhibition claim where there is substantial overlap in evidence and discovery, the claims are frequently and typically pled, prosecuted and tried together, and discovery was in its early stages with four months remaining before the discovery deadline); *Bouchard Transp. Co. v. VT Halter Marine, Inc.*, No. 16-11264, 2016 WL 4131376, at *2 (E.D. La. Aug. 3, 2016) (holding that amendment to breach of contract, breach of warranty and negligence action to add claims of products and/or strict liability did not cause prejudice).

[16] *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Although the Walcott Claimants assert that this new defense is prejudicial because it may require them to amend and could preclude recovery, the new defense does not fundamentally change the nature of the case. Further, it should require no additional discovery beyond that which TPG's similar defense would require.

This factor weighs in favor of finding good cause.

### 4. Availability of a Continuance to Cure Prejudice

Because the amendment should not disrupt the existing discovery deadline, there is no need to assess the need for continuance. This factor is neutral.

For these reasons, given the importance of the amendment, the general desire for claims to be resolved on the merits, and the lack of prejudice, good cause under Rule 16 exists. Accordingly, the court will address whether amendment is appropriate under Rule 15.

### B. The Rule 15 Inquiry

Rule 15(a) requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[17] Although leave to amend is not automatic,[18] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[19] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the

---

[17] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).
[18] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[19] *Smith*, 393 F.3d at 595 (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000); and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

amendment.[20]  Denial of leave to amend is reviewed for abuse of discretion,[21] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[22]

The Walcott Claimants do not argue bad faith, repeated failures to cure deficiencies, or futility.  Rather, they assert undue delay and prejudice.

### 1. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[23]  However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[24]  At some point, a plaintiff's delay can be procedurally fatal.[25]  In that situation, plaintiff must meet the burden of showing that the delay was "due to oversight, inadvertence, or excusable neglect."[26]  Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[27]

TPIC argues that, had TPG raised the defense earlier, it would have done so as well, and not until TPG was allowed to assert its new defense did TPIC then have a need to assert same.

---

[20] *Gregory*, 634 F.2d at 203 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).
[21] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872).
[22] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[23] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires." (internal quotations and citation omitted)).
[24] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[25] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Hou.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[26] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (per curiam) (citations omitted).
[27] *Mayeaux,* 376 F.3d at 427 (citations omitted).

8

TPIC asserts that its motion, filed less than two weeks after the Court granted TPG's motion for leave to add a new defense, was not unduly delayed. The Court agrees that TPIC's motion was not unduly delayed. Moreover, delay alone, absent prejudice, is insufficient to justify denial of the request to amend.

### 2. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[28] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[29] Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[30]

TPIC's amendment will not require re-opening discovery or revisiting a dispositive motion that has been fully briefed or decided. Indeed, it would seem that TPIC's evidence on the new defense should substantially overlap with TPG's discovery on that same issue. Merely being

---

[28] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[29] *Smith*, 393 F.3d at 596 (quoting *Duggins*, 195 F.3d at 834); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[30] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew").

forced to incur additional fees and costs to respond, which may cause some prejudice, however, does not constitute "undue" prejudice necessary to justify denial of a motion to amend.[31]

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Petitioner Texas Petroleum Investment Company's Motion for Leave to Amend Answer to Claim (ECF No. 97) is GRANTED.

IT IS FURTHER ORDERED that the Clerk filed into the Record the Amended Answer (ECF No. 97-2).

New Orleans, Louisiana, this __29th__ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[31] *See, e.g., Babin v. Caddo E. Ests. I, Ltd*., No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc*., No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc*., No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc*., No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).