**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: IN THE MATTER OF TEXAS        CIVIL ACTION
PETROLEUM INVESTMENT COMPANY

NO. 24-2344

SECTION: D (2)

## ORDER AND REASONS

Before the Court is Texas Petroleum Investment Company's Motion in Limine, filed by Petitioner Texas Petroleum Investment Company ("TPIC").[1] Claimants George Walcott and Evelyn Walcott (the "Walcott Claimants") oppose the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2026, the parties submitted their Joint Exhibit List to the Court.[3] TPIC filed the instant Motion *in Limine* on May 8, 2026 to exclude two exhibits from trial. The Court considers the arguments below.

### II.    LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[4]   Under Federal Rule of

---

[1] R. Doc. 207.
[2] R. Doc. 213
[3] *See* R. Doc. 204.
[4] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation modified).

Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[5]

While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]  However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[7] Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[8]  District courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402.[9]  A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[10]  Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[11]

---

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 403.

[7] *United States v. Pace*, 10 F.3d 1106, 1115–16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).

[8] *Pace*, 10 F.3d at 1115–16 (citation modified).

[9] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[10] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[11] *Id.*

### III.    ANALYSIS

TPIC seeks to exclude an April 11, 2024 incident review memorandum from Scott Barrilleaux (the "Barrilleaux Memorandum") and TPIC's First Report of Incident for a February 6, 2019 allision involving the M/V SYDNEY (the "2019 Incident Report").[12] The Court addresses each in turn.

#### A.  *The Barrilleaux Memorandum*

The Barrilleaux Memorandum purports to show an incident review and corresponding notes compiled by Scott Barrilleaux, a Health and Safety Manager[13] at TPIC.[14]  TPIC contends that because "Barrilleaux has no first-hand knowledge of what transpired as evidenced by inaccuracies in his memo[,]" "any testimony from Mr. Barrilleaux on the points referenced in his memo would be hearsay absent claimant showing there is an exception to the hearsay rule in connection with that information."[15]  Further, TPIC argues that the Barrilleaux Memorandum is unreliable because it contradicts the deposition testimony of the other passengers in the M/V SYDNEY at the time of the April 10, 2024 allision.[16] In opposition, the Walcott Claimants assert that "Mr. Barrilleaux is under subpoena and should he be called as a witness, he can authenticate his out-of-court statement. Moreover, he can also explain any inaccuracies TPIC contends are present with respect to the root cause analysis he apparently performed in his capacity as TPIC's Health and Safety

---

[12] R. Doc. 207.
[13] R. Doc. 213 at p. 2.
[14] R. Doc. 207 at p. 5.
[15] *Id.* at p. 2.
[16] *Id.* at pp. 2–3.

director."[17] Lastly, the Walcott Claimants submit that "[t]his Court can evaluate the accuracy and relevance of the Barrilleaux memo at the time of trial, and should defer ruling on the Motion to exclude the memo until such time Barrilleaux takes the stand to be questioned about it."[18]

The Court agrees and defers ruling on this objection until raised at trial depending on whether the Walcott Claimants call Barrilleaux as a witness at trial. To be clear, however, any hearsay is inadmissible at trial.

### B. *The 2019 Incident Report*

The 2019 Incident Report is a First Report of Incident for a previous allision occurring on February 6, 2019.[19] In the February 6, 2019 allision report, the M/V SIDNEY "side swiped a well jacket while making [a] crew change . . . ."[20] After the February 6, 2019 allision, TPIC established a new rule that a licensed captain must operate any vessel that is to transit during foggy conditions.[21]

TPIC "objects to the relevancy of introduction of this report and any testimony derived therefrom for the reason that it involves a different time, different location (there are no well jackets in the Mississippi River, Tiger Pass or Grande Pass) different weather conditions (fog v. night) and a different operator."[22] The Walcott Claimants counter that:

> TPIC had prior knowledge of incidents aboard the SYDNEY involving foggy conditions and did not want operation of the SYDNEY to occur

---

[17] R. Doc. 213 at p. 2.
[18] *Id.* at p. 3.
[19] R. Doc. 207 at p. 3.
[20] *Id.*
[21] *Id.*
[22] *Id.*

during the fog. Hollis Wallace testified that prior to the April 10, 2024 incident, the M/V SYDNEY had been involved in at least one other collision "in the fog" and on ten to fifteen occasions since 2015, TPIC sent licensed captains to perform crew changes when it was foggy because "they didn't want us driving in the fog." The 2/6/2019 First Report of Incident is the other collision in low visibility conditions. Clearly, TPIC was aware that low visibility conditions affected TPIC's small vessel operators' ability to detect and appreciate underwater or in-water hazards in operating the SYDNEY. The 2/6/2019 incident simply drives this point home. While TPIC attempts to draw a distinction between fog and dark, TPIC misses the point. A prior allision in low visibility conditions is relevant to showing TPIC had privity or knowledge of the conditions leading up to the April 10, 2024 allision.[23]

The Court finds that the 2019 Incident Report is not relevant to the April 10, 2024 allision – the allision at issue in the above-captioned matter. As noted by TPIC, the February 6, 2019 allision involved a different operator, occurred in a different location, and occurred in different weather conditions.[24] Further, and importantly for the Court's determination, the previous incident involving this vessel occurred more than five years earlier. Indeed, the only common factor between the February 6, 2019 allision and the April 10, 2024 allision is that both allisions involved the M/V SYDNEY. The Court finds that this singular nexus of an incident more than five years earlier involving the M/V SYDNEY does not have any tendency to make a fact more or less probable than it would be without the evidence. Without more, the Court finds the February 6, 2019 Incident Report to be irrelevant and therefore excludes it pursuant to Fed. R. Evid. 401.

---

[23] R. Doc. 213 at p. 5.
[24] R. Doc. 207 at p. 3.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that TPIC's Motion in Limine[25] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

New Orleans, Louisiana, May 17, 2026.


_____
**WENDY B. VITTER**
**United States District Judge**

---

[25] R. Doc. 207.