**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: IN THE MATTER OF TEXAS**          **CIVIL ACTION**
**PETROLEUM INVESTMENT COMPANY**
                                            **NO. 24-2344**

                                            **SECTION: D (2)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion *in Limine* on Behalf of George and Evelyn Walcott, filed by Claimants George Walcott and Evelyn Walcott (the "Walcott Claimants").[1] Texas Petroleum Investment Company ("TPIC") opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2026, the parties submitted their Joint Exhibit List to the Court.[3] The Walcott Claimants filed the instant Motion *in Limine* on May 8, 2026 to exclude two exhibits from trial. The Court considers the arguments below.

## II.     LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[4]  Under Federal Rule of

---

[1] R. Doc. 208.
[2] R. Doc. 212.
[3] *See* R. Doc. 204.
[4] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation modified).

Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[5]

While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]  However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[7]  Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[8]  District courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402.[9]  A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[10]  Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[11]

---

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 403.

[7] *United States v. Pace*, 10 F.3d 1106, 1115–16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).

[8] *Pace*, 10 F.3d at 1115–16 (citation modified).

[9] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[10] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[11] *Id.*

### III.   ANALYSIS

The Walcott Claimants seek to exclude a copy of a prior lawsuit titled *George Walcott, et al v. Safeco Insurance of Illinois*, filed in the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana, in 2007 (the "2007 Lawsuit").[12] The Walcott Claimants further seek to exclude medical records of George Walcott, taken by Dr. Beau Brouillette, dated August 16, 2020 and October 26, 2023 (the "Medical Records"). The Court takes each in turn.

*A. The 2007 Lawsuit*

The 2007 Lawsuit references a personal injury lawsuit in which George Walcott was involved in a June 24, 2006 accident occurring in a parking lot in Texas City, Texas.[13] The Walcott Claimants contend that the 2007 Lawsuit should be excluded because:

> (1) it is hearsay as it was drafted by an out of court declarant (an attorney who is not a testifying witness); and (2) under FRE 403 any scant probative value the lawsuit may arguably have insofar as it describes claimant's injuries from a motor vehicle accident almost 20 years ago is substantially outweighed by the high danger of unfair prejudice and confusion of issues.[14]

TPIC, in turn, argues that the 2007 Lawsuit is relevant because it includes references to George Walcott's prior injuries.[15] TPIC specifically asserts that these prior injuries are alleged to have occurred in:

> [E]xactly the areas of his body which Mr. Walcott claims were injured in the incident in suit which took place on April 10, 2024. One of the physicians who examined Mr. Walcott at the request of his employer's

---

[12] R. Doc. 208 at p. 1.
[13] R. Doc. 212-1.
[14] R. Doc. 208-1 at p. 2.
[15] R. Doc. 212.

> (Taylors) Workers' Compensation carrier, made specific reference to the 2007 incident suggesting that this may have been indicative that the condition which has been diagnosed (pre-existing spondylosis and spondylolisthesis in his cervical and lumbar spine) may have some relevance to his current condition.[16]

The Court finds that, in general, prior lawsuits are irrelevant and will be excluded. However, insofar as the 2007 Lawsuit contains relevant medical information, such as the "specific reference made to 'disc herniation at C4-5 moderately prominent and producing significant restriction of the cervical spinal cord[,]'" the Court determines that such medical information is admissible in this bench trial.[17] The burden is on TPIC to seek to introduce the relevant portions of the 2007 Lawsuit at trial, but the 2007 Lawsuit, in its entirety, will not be entered into evidence. The Court will rule on the particular portions of the records from that lawsuit when offered into evidence at the trial.

### B. Medical Records

Dr. Brouillette is George Walcott's primary care physician, and the Medical Records purport to show Dr. Brouillette's multi-year general health treatment of George Walcott, including two instances – on August 16, 2020 and October 26, 2023 – where George Walcott advised Dr. Brouillette of back and neck pain.[18] The Walcott Claimants contend that "if the two records of August 16, 2020 and October 26, 2023 are permitted in evidence, the entirety of Dr. Brouillette's certified records should also be admitted."[19]  In response, TPIC advises that it "has no objection to that

---

[16] *Id.* at p. 1.
[17] *Id.* at p. 2.
[18] R. Doc. 208-1 at p. 3.
[19] *Id.*

proposal."[20] The Court finds that the two records indicating similar complaints of back and neck pain, where George Walcott purportedly complained about to his doctor less than one year earlier on October 26, 2023 and less than four years earlier on August 16, 2020, are relevant to the issue of causation as back and neck pain are at issue in this case.  Those records will be allowed into evidence.  As the Walcott Claimants seek the admission of the entirety of the Medical Records, without objection, the Court finds that the entirety of the Medical Records are admissible in this bench trial.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion *in Limine* on Behalf of George and Evelyn Walcott[21] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

New Orleans, Louisiana, May 17, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[20] R. Doc. 212 at p. 4.
[21] R. Doc. 208.