**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: IN THE MATTER OF TEXAS             CIVIL ACTION
PETROLEUM INVESTMENT COMPANY

                                          NO. 24-2344

                                          SECTION: D (2)

**ORDER AND REASONS**

Before the Court are Texas Petroleum Investment Company's Motions for Summary Judgment,[1] Taylors International Services, Inc.'s Motions for Summary Judgment,[2] and National Casualty Company and Scottsdale Insurance Company's Motions for Summary Judgment.[3] All Motions seek summary judgment related to defense and indemnity claims arising out of Master Services Agreements and implicate the Louisiana Oilfield Anti-Indemnity Act ("LOAIA").[4] For the reasons set forth below, the Court **DENIES** all Motions as premature under the LOAIA.

Louisiana law invalidates certain indemnity or "knock for knock" provisions found in oil and gas contracts.[5] The LOAIA, specifically La. R.S. § 9:2780(A), provides as follows:

> A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury

---

[1] R. Docs. 81 and 149. Insofar as R. Doc. 81 requests summary judgment on The Production Group, LLC and David Hayes' claims non-contractual defense and/or contribution, this Order and Reasons does not apply. The Court will issue a separate Order and Reasons on R. Doc. 81 as it pertains to The Production Group, LLC and David Hayes' claims for non-contractual defense and/or contribution.

[2] R. Docs. 142 and 145.

[3] R. Docs. 147 and 148.

[4] *See* R. Docs. 81, 142, 145, 147, 148, and 149.

[5] A "knock for knock" provision is an "indemnity obligation in which each party is required to indemnify the other for claims brought by its own employees." *Skipper v. A&M Dockside Repair, Inc.*, Civil Action No. 18-6164, 2019 WL 3035447, at *3 (E.D. La. July 11, 2019)(Vance, J.)(citing 1 Admiralty & Mar. Law § 5:16 (6th ed. 2018)).

> to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.[6]

"The term 'agreement[]' . . . means any agreement or understanding, written or oral, concerning any operations related to the exploration, development, production, or transportation of oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state . . . ."[7]

In *Meloy v. Conoco, Inc.* the Louisiana Supreme Court held that, under the LOAIA:

> [T]he indemnitor's obligation for cost of defense cannot be determined until there has been a judicial finding that the indemnitee is liable or that the charges against it were baseless. Whether an oil company (indemnitee) is free from fault and thus outside the scope of the Act can only be determined after trial on the merits.[8]

"Accordingly, Louisiana law generally provides that the issue of indemnity is premature and non-justiciable until the underlying issue of liability is resolved and the defendant is cast in judgment."[9] In conformity with the above principles, multiple Sections of this Court have found that a determination of the enforceability of indemnity provisions under the LOAIA prior to trial is premature.[10]

---

[6] La. R.S. § 9:2780(A).

[7] La. R.S. § 9:2780(C).

[8] *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987).

[9] *Lexington Ins. Co. v. St. Bernard Parish Government*, 548 Fed. Appx. 176, 180 (5th Cir. 2013)(citing *Meloy*, 504 So. 2d at 839; *Mossy Motors, Inc. v. Cameras Am.,* 898 So.2d 602, 607 (La. Ct. App. 4th Cir. 2005)).

[10] *See In re Whitney Oil & Gas Co.*, Civil Action No: 22-3015, 2025 WL 1220809, at *1 (E.D. La. Apr. 28, 2025)(Milazzo, J.)(" In the case at hand, there has not been a determination regarding whether QPS is liable or at fault for Espadron's injuries. Accordingly, a determination of the enforceability of

The Louisiana Supreme Court's recent decision in *Bennett v. DEMCO Energy Services, LLC* does not change this Court's analysis.[11] In *Bennett*, the Louisiana Supreme Court held that "asserting a claim for indemnity, arising out of the same facts and circumstances, is not premature before a judicial finding of liability."[12] The Louisiana Supreme Court further clarified, however, that "[t]he right to collect on an indemnity agreement is determined upon judgment or finding of liability or loss, but there is no prohibition on asserting a claim for indemnity in the same proceeding."[13]

As explained by another Section of this Court post-*Bennett*, *Bennett* did not interpret the right to assert an indemnity claim "to include an ultimate determination of entitlement when there are outstanding factual disputes over liability issues between the indemnitor and indemnitee."[14] The Fifth Circuit has also echoed a similar sentiment in light of the Louisiana Supreme Court's decision in *Bennett*.[15]

The parties have properly asserted an indemnity claim at this juncture, but any right to collect on an indemnity claim must wait for determination until after a judgment is entered or a finding of liability has been determined. Accordingly, because there has not yet been a finding of liability or loss as to TPIC (i.e., the

---

the indemnity provisions in the MSA would be premature at this time."); *see also Borman v. Shamrock Energy Solutions, LLC*, No. CV 17-11720, 2019 WL 670402, at *4 (E.D. La. Feb. 19, 2019)(Barbier, J.)("In the case at hand, there has not yet been a determination regarding whether Shamrock was negligent or at fault (strict liability) for Plaintiff Borman's injuries. Accordingly, this Court cannot determine the enforceability of Defendants' defense and indemnity obligations to Shamrock and Mr. Barrow under the Linear/Fieldwood MSC at this time.").

[11] *Bennett v. DEMCO Energy Services, LLC*, 2023-01358, p. 8 (La. 5/10/24), 386 So. 3d 270, 276.

[12] *Id.*

[13] *Id.*

[14] *Louisiana Department of Environmental Quality v. Tidewater Landfill LLC*, Civil Action No: 23-6183, Civil Action No: 25-936, 2026 WL 815809, at *4 (E.D. La. Mar. 24, 2026)(Lemelle, J.).

[15] *See Champagne v. A & T Maritime Logistics Incorporated*, 127 F.4th 620, 629 n. 11 (5th Cir. 2025) (explaining that, under Louisiana law, the right to collect on an indemnity agreement does not arise until a finding of liability or loss).

indemnitee), the Court finds that a determination of the enforceability of the indemnity provisions in the MSA would be premature at this time."[16] Summary judgment is denied.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Texas Petroleum Investment Company's Motions for Summary Judgment,[17] Taylors International Services, Inc.'s Motions for Summary Judgment,[18] and National Casualty Company and Scottsdale Insurance Company's Motions for Summary Judgment[19] are **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, May 17, 2026.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[16] *In re Whitney Oil & Gas Co.*, 2025 WL 1220809, at *2.
[17] R. Docs. 81 and 149; *see supra* note 1.
[18] R. Docs. 142 and 145.
[19] R. Docs. 147 and 148.